**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **(1) STATE OF OKLAHOMA, ex rel. E.** | ) | |
| **SCOTT PRUITT, in his official capacity** | ) | |
| **as Attorney General of Oklahoma,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 15-CV-381-CVE-FHM** |
| | ) | |
| **(1) UNITED STATES ENVIRONMENTAL** | ) | |
| **PROTECTION AGENCY,** | ) | |
| **(2) UNITED STATES ARMY CORPS OF** | ) | |
| **ENGINEERS,** | ) | |
| **(3) GINA MCCARTHY, in her official** | ) | |
| **capacity as Administrator of the U.S.** | ) | |
| **Environmental Protection Agency, and** | ) | |
| **(4) JO-ELLEN DARCY, in her official** | ) | |
| **capacity as Assistant Secretary of the** | ) | |
| **Army for Civil Works,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**FEDERAL DEFENDANTS' MOTION TO STAY PROCEEDINGS PENDING A RULING
FROM THE JUDICIAL PANEL ON MULTI-DISTRICT LITIGATION UNDER 28
U.S.C. § 1407 TO TRANSFER AND CONSOLIDATE AND BRIEF IN SUPPORT**

COMES NOW the United States of America, on behalf of federal defendants United

States Environmental Protection Agency; United States Army Corps of Engineers; Gina

McCarthy, in her official capacity as Administrator of the U.S. Environmental Protection

Agency; and Jo-Ellen Darcy, in her official capacity as Assistant Secretary of the Army for Civil

Works (collectively, "Federal Defendants"), by and through Danny C. Williams, Sr., United

States Attorney for the Northern District of Oklahoma, and Cathryn D. McClanahan, Assistant

United States Attorney for the Northern District of Oklahoma, and hereby moves the Court for a

stay of all proceedings in this case pending a ruling from the Judicial Panel on Multi-District

Litigation ("MDL Panel") on Federal Defendants' forthcoming motion under 28 U.S.C. § 1407 to

transfer and consolidate. In support of this motion, Federal Defendants state as follows:

### INTRODUCTION

Plaintiffs in this action challenge a final rule, known as the "Clean Water Rule" and published at 80 Fed. Reg. 37,054 (June 29, 2015). The Clean Water Rule is a nationally-applicable rulemaking defining the scope of "waters of the United States" subject to regulatory jurisdiction under the Clean Water Act ("CWA" or the "Act"), 33 U.S.C. §§ 1251-1387. The rule is intended to provide clarity and certainty to the regulated community about what waters are within federal CWA jurisdiction and what waters are outside of CWA jurisdiction. To date, 68 plaintiffs have challenged the Clean Water Rule through ten complaints in eight district courts across the country. A summary of district court actions filed to date is attached hereto as Exhibit 1. The Federal Defendants will be filing similar stay motions in all of these district court proceedings.

The Federal Defendants will soon be filing a motion under 28 U.S.C. § 1407 to transfer and consolidate this matter with other substantially similar facial challenges to the Clean Water Rule that are currently pending in the various district courts. Section 1407 exists to promote the just and efficient conduct of cases filed in multiple district courts with common issues of law and fact; and courts frequently grant a stay of proceedings while such a motion is pending, recognizing that a stay conserves the courts' and the parties' resources, avoids unnecessary duplication and inconsistent pretrial rulings, and promotes orderly and efficient proceedings. Given the numerous actions already pending in multiple district courts raising substantially similar challenges to the Clean Water Rule—with more likely to come—a stay pending a ruling on the Federal Defendants' motion under 28 U.S.C. § 1407 serves all of these purposes. Indeed, the potential for inconsistent rulings that arises from multiple facial challenges to the Rule

proceeding simultaneously in multiple different district courts threatens the regulatory clarity and certainty that are at the heart of the Rule.

In addition, to date multiple parties have filed petitions for review of the Clean Water Rule in three circuit courts of appeals, pursuant to CWA Section 509(b)(1), 33 U.S.C. § 1369(b)(1). CWA Section 509(b)(1) of the CWA provides for exclusive judicial review in the courts of appeals for certain enumerated actions of the EPA Administrator. 33 U.S.C. § 1369(b)(1). Another statute, 28 U.S.C. § 2112(a), provides a neutral, orderly, and swift mechanism for consolidating multiple petitions for review of the same agency action in a single court of appeals. Pursuant to Section 2112(a), the MDL Panel will designate by random selection one circuit court of appeals from among those courts in which eligible petitions were filed within 10 days from July 13, 2015, in which to consolidate current and future petitions for review. 28 U.S.C. § 2112(a)(1), (a)(3), (a)(5). The Federal Defendants expect to file a notice with the MDL Panel initiating proceedings under 28 U.S.C. § 2112(a) early in the week of July 27, 2015.

Jurisdiction in the courts of appeals under Section 509(b)(1) is exclusive. Federal Defendants anticipate that the circuit court in which the petitions for review are consolidated will first address the question of subject-matter jurisdiction. A stay in this case pending a ruling by the MDL Panel on the Federal Defendants' motion under 28 U.S.C. § 1407 to transfer and consolidate the district court actions will also provide time for completion of the consolidation procedures for the petitions for review under 28 U.S.C. § 2112(a), furthering the principles of orderly administration of justice underlying section 1407.

## PROCEDURAL BACKGROUND

Plaintiffs filed the complaint (Dkt. 2) in this action on July 8, 2015, and an amended complaint (Dkt. 8) on July 10, 2015. As noted, this action is only one among numerous cases

filed by multiple parties across the country raising substantially similar claims regarding the Clean Water Rule.[1] Plaintiffs in *Chamber of Commerce v. EPA, et al*., NDOK Case No. 15-CV-386-CVE-PJC, have filed a motion to consolidate their case with the instant case. Federal Defendants intend to file a response to that motion.

All of the cases challenging the Clean Water Rule, including this one, are at the very early stages of proceedings. The first date the Federal Defendants must file a responsive pleading in any challenge to the Clean Water Rule is August 30, 2015, in *North Dakota v. EPA*, No. 3:15-cv-59. The deadline for the Federal Defendants to file a responsive pleading in the instant case is September 14, 2015.[2]

## ARGUMENT

This court has "broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997); *Woodson v. Surgitek, Inc.*, 57 F.3d 1406, 1417 (5th Cir. 1995). As part of this broad discretion, a district court may stay or dismiss a suit that is duplicative of another federal court suit. *See Colorado River Water Conservation Dist. v. United States,* 424 U.S. 800, 817 (1976) ("As between federal district courts . . . though no precise rule has evolved, the general principle is to avoid duplicative litigation."). A stay is appropriate here because this case is substantially similar to multiple challenges to the Clean Water Rule filed in district courts (and circuit courts) across the country. Indeed, courts

---

[1] *See Chamber of Commerce v. EPA*, No. 4:15-cv-386, filed on July 10, 2015; *Texas v. EPA*, No. 3:15-cv-162 (S. D. Tex.), filed June 29, 2015; *North Dakota v. EPA*, No. 3:15-cv-59 (D. N. Dak.), filed June 29, 2015; *Ohio v. United States Army Corps of Eng'rs*, No. 2:15-cv-2467 (S. D. Oh.), filed June 29, 2015; *Georgia v. EPA*, No. 2:15-cv-79 (S.D. Ga.), filed June 30, 2015; *Murray Energy Corp. v. EPA*, No. 1:15-cv-110 (N. D. W. Va.), filed June 29, 2015; *American Farm Bureau Fed'n v. EPA*, No. 3:15-cv-165 (S. D. Tex), filed July 2, 2015; *Southeastern Legal Found. v. EPA*, No. 1:15-cv-2488 (N.D. Ga.), filed on July 13, 2015; *Washington Cattlemen's Ass'n v. EPA*, No. 0:15-cv-3058 (D. Minn.), filed July 15, 2015.

[2] As of the date of filing this motion, Federal Defendants have not been able to confirm whether

"frequently grant stays in cases when an MDL decision is pending." *Cajun Offshore Charters, LLC v. BP Prods. N. Am.*, No. 10-cv-01341, 2010 WL 2160292, at *2 (E.D. La. May 25, 2010); *see also Tench v. Jackson Nat'l Life Ins. Co.*, No. 99-cv-5182, 1999 WL 1044923, at *1 (N.D. Ill., Nov. 12, 1999) ("Under these circumstances, i.e. pending a decision by the MDL Panel whether to add a case, stays are frequently granted to avoid duplicative efforts and preserve valuable judicial resources"); *Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1362 (C.D. Cal. 1997) (same); 15 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice & Procedure* § 3866.1 (3d ed. 2010) (noting district courts often stay proceedings pending decision by MDL Panel).

In determining whether a stay pending a motion to transfer and for consolidation under 28 U.S.C. § 1407 is proper, courts have considered three factors: (1) the judicial resources that would be saved by avoiding duplicative litigation if the cases are in fact consolidated; (2) hardship and inequity to the moving party if the action is not stayed; and (3) potential prejudice to the non-moving party. *Esquivel v. BP Co. N. Am., Inc.*, Civ. A. Nos. B-10-227, B-10-236, B-10-237, 2010 WL 4255911, at *3 (S.D. Tex. Oct. 14, 2010) (internal citations omitted); *La. Stadium & Exposition Dist. v. Fin. Guar. Ins. Co.*, Civ. A. No. 09-CV-235, 2009 WL 926982, at *1 (E.D. La. Apr. 2, 2009). When exercising its discretion, the Court is "guided by the policies of justice and efficiency." *Boudreaux v. Metro. Life Ins. Co.*, Civ. A. No. 95-cv-138, 1995 WL 83788, at *1 (E.D. La. Feb. 24, 1995). Granting a stay of proceedings in this case pending a ruling from the MDL Panel on consolidation of the multiple district court challenges to the Clean Water Rule will conserve judicial and governmental resources, avoid the possibility of inconsistent rulings, and provide for orderly and efficient management of complex litigation

---

service has been perfected pursuant to Fed. R. Civ. P. 4(i).

concerning a nationally-applicable rule under the federal Clean Water Act.

I.   **A STAY OF PROCEEDINGS PENDING RESOLUTION OF FEDERAL DEFFENDANTS' FORTHCOMING MOTION TO THE MDL PANEL WILL CONSERVE JUDICIAL RESOURCES.**

Plaintiffs in this case are among many states, private parties and industrial groups that have filed substantially-related cases alleging overlapping challenges to the Clean Water Rule. The cases arise from the same agency rulemaking, involve the same administrative record for judicial review, and raise many of the same—if not identical—claims under the Administrative Procedure Act, the Clean Water Act, and the United States Constitution. The claims in the instant case overlap substantially with the claims alleged in cases filed in other district courts. The complaints uniformly allege:

- Claims under the Administrative Procedure Act that the Clean Water Rule is not in accordance with the limits of the CWA.
- Claims that the Clean Water Rule violates the Administrative Procedure Act because the Federal Defendants did not provide adequate notice and opportunity for comment.
- Claims under the Administrative Procedure Act that the Clean Water Rule exceeds the limits of the Commerce Clause of the Constitution.
- Claims that the Clean Water Rule violates the Tenth Amendment of the Constitution and principles of federalism.

Because numerous suits challenging the very same rule and raising overlapping claims have been filed in multiple district courts, it would be duplicative and wasteful for each of these cases to proceed separately. Moreover, the possibility of multiple courts rendering decisions on similar challenges to a single nationwide rule raises the likelihood of inconsistent results, leading to confusion and legal uncertainty. Accordingly, the Federal Defendants soon plan to file a motion with the MDL Panel, asking the Panel to transfer and consolidate all proceedings in a single district court. Staying the present case (and all other pending district court challenges) until the MDL Panel rules on the Federal Defendants' motion to transfer and consolidate will

avoid duplicative litigation, conserve the courts' (and the parties') resources, and aid in the orderly management of these cases.

The principles of avoiding duplicative litigation and conserving resources apply with equal, if not greater, strength in the context of related proceedings in federal appellate and district courts, as appellate courts establish precedent binding on district courts within their circuit. This is even more true where a statute establishes exclusive review of certain agency action in the courts of appeals, as Congress has done in CWA Section 509(b)(1), 33 U.S.C. § 1369(b)(1).

As already noted parties, have to date filed petitions for review of the Clean Water Rule in three different circuit courts of appeal. Some of these petitioners contend that jurisdiction over their challenges to the Clean Water Rule is properly in the district courts under federal question jurisdiction, 28 U.S.C. § 1331, but that they have filed the petitions protectively in light of CWA Section 509(b)(1), 42 U.S.C. § 1369(b)(1). As a result of the simultaneous filing of district court challenges under 28 U.S.C. § 1331 and the Administrative Procedure Act and petitions for review under CWA Section 509(b)(1), the courts will be faced with the same jurisdictional question of which court is authorized to hear the Clean Water Rule challenges.

The random selection procedures under 28 U.S.C. § 2112(a), *see supra* at 3, will result in consolidation of the petitions for review in a single court of appeals. Based on past CWA rulemaking challenges originally filed in multiple circuits under CWA Section 509(b)(1), the Federal Defendants anticipate that the process for designating a single court of appeals in which to consolidate all of the Clean Water Rule petitions will be completed within a few weeks. Thus, a stay of proceedings pending a ruling from the MDL Panel on Federal Defendants' forthcoming motion to consolidate the district court matters under 28 U.S.C. § 1407 would also provide time for the consolidation of the appellate court challenges pursuant to the random

selection procedures under 28 U.S.C. § 2112(a).[3]

## II.   A STAY OF PROCEEDINGS IS NECESSARY TO AVOID THE EXTREME PREJUDICE TO THE FEDERAL DEFENDANTS OF LITIGATING DUPLICATIVE CHALLENGES TO THE SAME RULE IN MULTIPLE DISTRICT COURTS.

In the absence of a stay, Federal Defendants will be harmed by the need to engage in duplicative and wasteful proceedings in multiple district courts across the country. Such wasteful effort would divert resources not only of attorneys, but of agency staff who would be required to support the litigation. *See Aikins v. Microsoft Corp.*, No. 00-cv-242, 2000 WL 310391, at *1 (E.D. La. Mar. 24, 2000) (granting stay pending MDL Panel decision because movant "would suffer a considerable hardship and inequity if forced to simultaneously litigate multiple suits in multiple courts," while "Plaintiffs have failed to show any significant prejudice" beyond slight delay).

Moreover, the possibility of conflicting rulings from different district courts is an outcome that Section 1407 is designed to prevent. *See Scott v. Bayer Corp.*, No. 03-cv-2888, 2004 WL 63978, at *1 (E.D. La. Jan. 12, 2004) ("Deference to the MDL court for resolution of these matters provides the opportunity for the uniformity, consistency, and predictability in litigation that underlies the multidistrict litigation system."). The Clean Water Rule at issue in these proceedings is a nationally-applicable rulemaking defining the scope of waters of the United States subject to CWA jurisdiction. It is intended to provide clarity and certainty to the regulated community about what waters are within federal CWA jurisdiction and what waters are not regulated under the CWA. The potential for inconsistent rulings that would arise from multiple facial challenges to the Rule proceeding simultaneously in multiple different district

---

[3] At this time, Federal Defendants seek a stay only through the MDL Panel's ruling on the forthcoming motion. If the matters are transferred and consolidated in a single district court, any

courts risks undermining the regulatory clarity and certainty that are at the heart of the Rule. A stay of this and other district court challenges to the Clean Water Rule will effectuate the purposes of Section 1407.

## III.    THE REQUESTED STAY IS NOT PREJUDICIAL TO PLAINTIFFS.

The stay requested in this motion is bounded by reasonable limits on duration and purpose and therefore is not "immoderate." *See Landis v. North American Co.,* 299 U.S. 248, 256 (1936). The Federal Defendants request a stay until the MDL Panel renders a decision on their forthcoming motion to transfer and consolidate all district court proceedings. The Federal Defendants plan to file that motion expeditiously and expect that the Panel will act swiftly. The Federal Defendants also anticipate that the process under 28 U.S.C. § 2112(a) for designating a single court of appeals in which to consolidate the petitions for review of the Clean Water Rule will be completed within a few weeks. Assuming the MDL Panel grants the Federal Defendants' motion under 28 U.S.C. § 1407 to consolidate the district court cases, there will still be parallel proceedings in district court and appellate court. In any event, whether the cases ultimately proceed in district court or in the court of appeals, plaintiffs in this case will have ample opportunity to press their claims in a timely fashion.

Further, the requested stay will not "work damage to some one else." *Landis*, 299 U.S. at 255. Not a single litigant in this case or the related challenges would "be compelled to stand aside while a litigant in another settles the rule of law that will define the rights of both." *Id*. Rather, allowing the Federal Defendants to pursue consolidation before the MDL Panel will provide for the efficient resolution of all parties' challenges to the Clean Water Rule in a single proceeding. Such a consolidated proceeding will not only serve the parties' interest in efficient

_____

extension of the stay would be taken up with that court.

resolution of their claims; it will also serve the public interest by avoiding the inefficiency and uncertainty that could result from potentially inconsistent rulings from simultaneous, piecemeal litigation in multiple district courts.

## CONCLUSION

For the foregoing reasons, Federal Defendants respectfully request that this Court exercise its inherent authority to temporarily stay all proceedings in this action pending the MDL Panel's ruling on Federal Defendants' forthcoming motion under 28 U.S.C. § 1407 to transfer and consolidate the district court challenges to the Clean Water Rule in a single district court.

Respectfully submitted,

UNITED STATES OF AMERICA

DANNY C. WILLIAMS, SR.
United States Attorney

s/Cathryn D. McClanahan
CATHRYN D. McCLANAHAN, OBA No. 14853
Assistant United States Attorney
110 West 7th Street, Suite 300
Tulsa, Oklahoma 74119
T: 918-382-2700
cathy.mcclanahan@usdoj.gov

-and-

JOHN C. CRUDEN
Assistant Attorney General
Environment and Natural Resources Division

JESSICA O'DONNELL
MARTHA C. MANN
ANDREW J. DOYLE
United States Department of Justice
Environmental Defense Section
P.O. Box 7611
Washington, DC 20044
T: (202) 305-0851
jessica.o'donnell@usdoj.gov

martha.mann@usdoj.gov
andrew.doyle@usdoj.gov
*Counsel for Federal Defendants*

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on July 20, 2015, I electronically transmitted the foregoing to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Patrick R. Wyrick
P. Clayton Eubanks
Sarah A. Greenwalt
E. Scott Pruitt
patrick.wyrick@oag.ok.gov
clayton.eubanks@oag.ok.gov
sarah.greenwalt@oag.ok.gov
scott.pruitt@oag.ok.gov
*Counsel for Plaintiff State of Oklahoma*

James P. McCann
jmccann@mmmsk.com
*Counsel for Interested Parties Chamber of Commerce of the United States of America, National Federation of Independent Business, State Chamber of Oklahoma, Tulsa Regional Chamber, and Portland Cement Association*

s/Chris Watson_____
Chris Watson
Legal Assistant