# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **STATE OF OKLAHOMA ex rel. E. Scott Pruitt, in his official capacity as Attorney General of Oklahoma,** | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 15-CV-0381-CVE-FHM |
| **UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, UNITED STATES ARMY CORPS OF ENGINEERS, GINA MCCARTHY, in her official capacity as Administrator of the United States Environmental Protection Agency, and JO-ELLEN DARCY, in her official capacity as Assistant Secretary of the Army for Civil Works,** | ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |
| **CHAMBER OF COMMERCE OF THE UNITED STATES OF AMERICA, NATIONAL FEDERATION OF INDEPENDENT BUSINESS, TULSA REGIONAL CHAMBER, PORTLAND CEMENT ASSOCIATION, and STATE CHAMBER OF OKLAHOMA,** | ) ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | Case No. 15-CV-0386-CVE-PJC |
| v. | ) ) | |
| **UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, GINA MCCARTHY, in her official capacity as Administrator of the United States Environmental Protection Agency, UNITED STATES ARMY CORPS OF ENGINEERS, and JO-ELLEN DARCY, in her official capacity as Assistant Secretary of the Army (Civil Works),** | ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

Now before the Court are the Federal Defendants' Motion to Stay Proceedings Pending a Ruling from the Judicial Panel on Multi-District Litigation under 28 U.S.C. § 1407 to Transfer and Consolidate and Brief in Support (Dkt. # 14), filed in Case No. 15-CV-381-CVE-FHM, and the Federal Defendants' Motion to Stay Proceedings Pending a Ruling from the Judicial Panel on Multi-District Litigation under 28 U.S.C. § 1407 to Transfer and Consolidate and Brief in Support (Dkt. # 25), filed in Case No. 15-CV-386-CVE-PJC.[1] Defendants United States Environmental Protection Agency (EPA), Gina McCarthy, in her official capacity as Administrator of the EPA, United States Army Corps of Engineers, and Jo-Ellen Darcy, in her official capacity as Assistant Secretary of the Army for Civil Works (collectively referred to as the "Federal Defendants"), ask the Court to stay these cases pending a ruling by the Judicial Panel on Multi-District Litigation (MDL) on their motion to transfer and consolidate multiple pending district court cases challenging an administrative rule clarifying the term "waters of the United States" as that term is used in the Clean Water Act, 33 U.S.C. § 1251 et seq. (CWA). Plaintiffs respond that the Federal Defendants' motion to transfer is unlikely to be granted and they will suffer irreparable harm if the cases are stayed, and they ask the Court to deny the Federal Defendants' motions to stay.

**I.**

On July 8, 2015, the State of Oklahoma (the State) filed suit seeking declaratory and injunctive relief to prevent the Federal Defendants from enforcing a new definition of "waters of the United States" contained in a final administrative rule. The "Clean Water Rule" was published in

---

[1] Plaintiffs have requested oral argument on defendants' motions to stay. The Court has reviewed the motions, responses, and replies and finds that oral argument would be neither necessary nor helpful, and plaintiffs' requests for oral argument are denied.

the Federal Register on June 29, 2015, and it is set to take effect on August 28, 2015. Clean Water Rule: Definition of "Waters of the United States," 80 Fed. Reg. 37054 (June 29, 2015). The rule states that it does "not establish any regulatory requirements" and the purpose of the Clean Water Rule is to provide clarity as to which bodies of water are subject to federal jurisdiction under the Clean Water Act (CWA). According to the EPA, "[t]he scope of jurisdiction in this rule is narrower than that under existing regulation . . . and [f]ewer waters will be defined as 'waters of the United States' under the rule than under existing regulations, in part, because the rule puts important qualifiers on some existing categories such as tributaries." Id. at 37054. The State argues that the new definition of "waters of the United States" is unreasonably broad, and it would subject waters that are traditionally regulated only by the State to federal regulatory authority. Case No. 15-CV-381-CVE-FHM, Dkt. # 2, at 2-3 (N.D. Okla.). The State seeks injunctive and declaratory relief invalidating the definition of "waters of the United States" contained in the Clean Water Rule, and the State challenges the final rule under the Administrative Procedures Act (APA), the Commerce Clause, and Tenth Amendment to the United States Constitution. On July 10, 2015, plaintiffs Chamber of Commerce of the United States of America, National Federation of Business, State Chamber of Oklahoma, Tulsa Regional Chamber, and Portland Cement Association filed their own case challenging the Clean Water Rule under the APA, the Commerce Clause, the Tenth Amendment, and the Regulatory Flexibitility Act, 5 U.S.C. § 601 et seq. (RFA). Case No. 15-CV-

386-CVE-PJC (N.D. Okla.). Case No. 15-CV-386-CVE-PJC was originally assigned to the Honorable John E. Dowdell, but the case was transferred to the undersigned as a related case.[2]

In addition to the two cases filed in this district, the Federal Defendants state that eight other cases have been filed in federal district courts around the country raising the same arguments, and the Federal Defendants have filed a motion to transfer all of the pending cases to MDL for pretrial proceedings.[3] Many of the plaintiffs who have sought federal district court review of the Clean Water Rule have also filed petitions for review in the federal circuit courts of appeal.[4] Pursuant to 28 U.S.C. § 2112, the petitions for review have been consolidated in a single circuit court, the Sixth Circuit Court of Appeals, and that court will have to determine if jurisdiction is appropriate at the circuit court or district court level. See Dkt. # 31-2, at 2.

Plaintiffs have filed motions for preliminary injunction seeking to enjoin the Clean Water Rule from taking effect, and they argue that they will suffer irreparable harm unless the Federal

---

[2] The Court notes that the plaintiffs in the second-filed case have filed a motion to consolidate both cases against the Federal Defendants. The Federal Defendants state that they intend to file a response to that motion, and the Court will defer a ruling on the motion to consolidate until the motion is fully briefed. See Case No. 15-CV-381-CVE-FHM, Dkt. # 14, at 4 (N.D. Okla. July 20, 2015.

[3] Plaintiffs argue that the motions to stay should be denied because the Federal Defendants have not yet filed their motion to transfer with MDL, and granting the motion to stay would result in an indefinite stay of these cases. The docket sheet in both cases contains a remark that the motion to transfer has been filed and the Court has a copy of the motion to transfer.

[4] The CWA provides that review of certain actions taken by the Administrator of the EPA "may be had by any interested person in the Circuit Court of Appeals of the United States for the Federal judicial district in which such person resides or transacts business . . . ." 33 U.S.C. § 1369(b)(1). Even though the statute uses the word "may," § 1369(b) has been interpreted to provide the federal circuit courts exclusive jurisdiction over claims within the scope of this judicial review provision. Maier v. EPA, 114 F.3d 1032, 1036-37 (10th Cir. 1997).

Defendants are enjoined from enforcing the Clean Water Rule. The motions for preliminary injunction are not fully briefed and no preliminary injunction hearing is currently scheduled.

## II.

The Federal Defendants argue that staying these cases pending a ruling on their motion to transfer to MDL will conserve the parties' resources and avoid inconsistent rulings on pretrial matters. Case No. 15-CV-381-CVE-FHM, Dkt. # 14, at 6. They also note that the Sixth Circuit has been designated to hear all pending petitions for review in the federal circuit courts challenging implementation of the Clean Water Rule, and there is a significant likelihood that federal district courts will be divested of jurisdiction over this issue.

Under Rule 2.1(d) of the Rules of Procedure of the United States Judicial Panel on Multidistrict Litigation, the "pendency of a motion [to transfer] . . . does not affect or suspend orders and pretrial proceedings in any pending federal district court action and does not limit the pretrial jurisdiction of that court." In other words, a federal district court is not required to stay a case merely because a motion to transfer a case to MDL has been filed. Asmann v. Dairy Farmers of America, Inc., 2012 WL 1136865 (D. Kan. Apr. 4, 2012). However, a federal district court has broad discretionary powers to control its docket, and this includes the inherent power to stay a case in the interest of judicial economy. Landis v. North American Co., 299 U.S. 248, 254-55 (1936). "As a general rule, 'courts frequently grant stays pending a decision by the MDL panel regarding whether to transfer a case.'" Cheney v. Eli Lilly & Company, 2014 WL 7010656 (D. Colo. Dec. 9, 2014) (quoting Lundy v. C.B. Fleet Co., Inc., 2009 WL 1965521 (D. Colo. July 6, 2009)). When a motion to transfer has been filed with MDL, a district court should consider three factors in determining if a case should be stayed pending a ruling on the motion to transfer: "(1) potential

5

prejudice to the non-moving party; (2) hardship and inequity to the moving party if the action is not stayed; and (3) the judicial resources that would be saved by avoiding duplicate litigation if the cases are in fact consolidated." Rivers v. Walt Disney Co., 980 F. Supp. 1358, 1360 (C.D. Cal. 1997).

Plaintiffs argue that MDL is likely to deny the motion to transfer, because there are no disputed common questions of fact and MDL is unlikely to consolidate cases for pretrial proceedings due only to common issues of law in multiple pending cases. The Court declines to consider plaintiffs' arguments concerning the merits of the Federal Defendants' motion to transfer or that the Sixth Circuit will likely decline to exercise jurisdiction over the pending petitions for review. For the purpose of a motion to stay, the Court finds it sufficient that a colorable motion to transfer all pending district court cases to MDL has been filed, and it will be up to MDL to determine whether the district court cases should be consolidated for pretrial proceedings. If the cases are consolidated for pretrial proceedings, the MDL court will have the authority to hear any motions for preliminary injunction and plaintiffs will have a right to appellate review of that ruling. Deep v. Copyright Creditors, 122 F. App'x 530, 532 (2d Cir. Dec. 16, 2004). As to the pending petitions for appellate review, the Court finds that the filing of those petitions weighs heavily in favor of staying this case. If the Sixth Circuit finds that appellate jurisdiction is appropriate, that will mean that these cases never should have been filed in district court and that this Court does not have jurisdiction over plaintiffs' claims. That would result in an abuse of this Court's authority and possibly an injustice to the Federal Defendants if the Court were to grant a motion for preliminary injunction. Plaintiffs argue that they filed petitions for review in the Tenth Circuit "protectively" and they believe that this Court has jurisdiction over their claims. However, plaintiffs' desire to proceed with their claims in this Court is not a factor in whether the federal circuit courts have exclusive jurisdiction to hear

their claims, and the Court will consider the petitions for review as a significant factor supporting the Federal Defendants' motion to stay.

Plaintiffs argue that any delay in ruling on their motions for preliminary injunction will result in irreparable harm, because the Clean Water Rule will take effect before MDL rules on the motion to transfer and granting the motion to stay will constitute a de facto denial of their motions for preliminary injunction. However, the rule at issue alters the definition of "waters of the United States," and under its own terms the Clean Water Rule "does not establish any regulatory requirements." Clean Water Rule, 80 Fed. Reg. at 37054. The State argues that it will suffer irreparable harm per se unless it receives an immediate hearing on its motion for preliminary injunction, because the Clean Water Rule will immediately deprive the State over jurisdiction of certain bodies of water and it will impose unrecoverable administrative costs on the State.[5] The Federal Defendants have responded to these arguments by pointing out the Clean Water Rule imposes no duties on the states. They acknowledge that other programs operated pursuant to the CWA could impose additional obligations on the State after the Clean Water Rules takes effect, but none of those programs would require immediate action by the State and the State could either elect to allow the federal government to perform certain administrative tasks or it could charge a permit fee to recover its costs. The State has not shown that a limited stay of these cases will cause irreparable harm. The remaining plaintiffs argue that members of their organizations will be harmed

---

[5] All plaintiffs argue that they will suffer irreparable harm if the cases are stayed and they assert arguments that are more appropriately raised in a motion for preliminary injunction. To avoid unfairness to any party, the Court will not conduct the type of detailed irreparable harm analysis required in ruling on a motion for preliminary injunction, because this could deprive plaintiffs of the opportunity to fully present their arguments or evidence at a preliminary injunction hearing. Instead, the Court will conduct a more limited prejudice analysis to determine if a limited stay of these cases should be granted.

if the cases are stayed when the Clean Water Rule takes effect, because individuals and small businesses may be chilled from making improvements to their property out of a fear that they will incur additional expenses to comply with the CWA. Case No. 15-CV-386-CVE-PJC, Dkt. # 28, at 19-29. The Federal Defendants respond that it would be speculative at this point for landowners to believe that the definition of "waters of the United States" will even apply to bodies of water on their property, because the Clean Water Rule provides numerous exemptions from coverage and requires a case-by-case determination of status of a body of water as "waters of the United States." It also appears that the proposed uses of property by members of plaintiffs' organizations are simply planned activities for which no substantial steps have been taken, and a limited stay will not cause immediate harm to the planned used of any person's property.

      The Federal Defendants have shown that a limited stay will preserve judicial resources and reduce the risk of inconsistent rulings by federal district courts. There are currently ten pending cases challenging implementation of the Clean Water Rule, and the judicial economy that would result from consolidation of pretrial proceedings in a single court favors a limited to stay to allow MDL to rule on the Federal Defendants' motion to transfer. Plaintiffs attempt to minimize the risk that would result from inconsistent pretrial rulings, but the Court finds that the Federal Defendants would be significantly prejudiced by a patchwork quilt of preliminary injunctions granted or denied by various federal district courts. Also, the Court has already noted that the Sixth Circuit has several petitions for appellate review, and it would undoubtedly be a waste of judicial resources for plaintiffs' cases to proceed if it is ultimately determined that jurisdiction is appropriate only in a federal circuit court of appeal. While plaintiffs may dispute whether the EPA has authority to promulgate the Clean Water Rule, they have not shown that such imminent harm will result from

8

a change in the meaning of "waters of the United States" that outweighs benefits of judicial economy and preservation of the parties' resources that will be accomplished by granting a limited stay.

**IT IS THEREFORE ORDERED** that the Federal Defendants' Motion to Stay Proceedings Pending a Ruling from the Judicial Panel on Multi-District Litigation under 28 U.S.C. § 1407 to Transfer and Consolidate and Brief in Support (Dkt. # 14), filed in Case No. 15-CV-381-CVE-FHM, and the Federal Defendants' Motion to Stay Proceedings Pending a Ruling from the Judicial Panel on Multi-District Litigation under 28 U.S.C. § 1407 to Transfer and Consolidate and Brief in Support (Dkt. # 25), filed in Case No. 15-CV-386-CVE-PJC, are **granted**, and these cases are **stayed** pending a ruling on the Federal Defendants' motion to transfer cases to MDL for pretrial proceedings.

**IT IS FURTHER ORDERED** that plaintiffs' motion for oral argument (Dkt. # 30 in Case No. 15-CV-CVE-386-PJC) is **denied**.

**IT IS FURTHER ORDERED** that the Federal Defendants shall provide this Court a status update on their motion to transfer and on the proceedings in the Sixth Circuit no later than **October 1, 2015**.

**IT IS FURTHER ORDERED** that the Court Clerk is directed to file this Opinion and Order in Case No. 15-CV-381-CVE-FHM and Case No. 15-CV-CVE-386-PJC.

**DATED** this 31st day of July, 2015.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE