# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| STATE OF OKLAHOMA ex rel. E. Scott Pruitt, in his official capacity as Attorney General of Oklahoma, <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, UNITED STATES ARMY CORPS OF ENGINEERS, GINA MCCARTHY, in her official capacity as Administrator of the United States Environmental Protection Agency, and JO-ELLEN DARCY, in her official capacity as Assistant Secretary of the Army for Civil Works, <br><br> Defendants. | Case No. 15-CV-0381-CVE-FHM |
| CHAMBER OF COMMERCE OF THE UNITED STATES OF AMERICA, NATIONAL FEDERATION OF INDEPENDENT BUSINESS, TULSA REGIONAL CHAMBER, PORTLAND CEMENT ASSOCIATION, and STATE CHAMBER OF OKLAHOMA, <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, GINA MCCARTHY, in her official capacity as Administrator of the United States Environmental Protection Agency, UNITED STATES ARMY CORPS OF ENGINEERS, and JO-ELLEN DARCY, in her official capacity as Assistant Secretary of the Army (Civil Works), <br><br> Defendants. | Case No. 15-CV-0386-CVE-PJC |

**OPINION AND ORDER**

On July 8, 2015, the State of Oklahoma filed a case challenging the validity of a new rule adopted by the United States Environmental Protection Agency (EPA) and the United States Army Corps of Engineers. <u>State of Oklahoma ex rel. E. Scott Pruitt v. United States Environmental Protection Agency et al.</u>, 15-CV-381-CVE-FHM (N.D. Okla.). The rule is known as the "Clean Water Rule." Clean Water Rule: Definition of "Waters of the United States," 80 Fed. Reg. 37054 (June 29, 2015). A separate case challenging the Clean Water Rule was filed by the Chamber of Commerce of the United States of America and other plaintiffs. <u>Chamber of Commerce of the United States of America et al. v. United States Environmental Protection Agency et al</u>, 15-CV-386-CVE-PJC (N.D. Okla.). The plaintiffs in both cases asked the Court to declare the Clean Water Rule invalid and to permanently enjoin the EPA from enforcing the Clean Water Rule. The plaintiffs also filed motions for preliminary injunction seeking to prevent the defendants from enforcing the Clean Water Rule while the cases are pending. Case No. 15-CV-381-CVE-FHM, Dkt. # 17 (July 24, 2015); Case No. 15-CV-386-CVE-PJC, Dkt. # 27 (N.D. Okla, July 24, 2015).

The plaintiffs in both cases have argued that this Court has subject matter jurisdiction over the cases, but the plaintiffs also filed petitions for review with the United States Court of Appeals for the Tenth Circuit of Appeals. Under the Clean Water Act, 33 U.S.C. § 1251 <u>et</u> <u>seq.</u> (CWA), certain types of cases are subject to direct review in the courts of appeals and cannot be brought in federal district courts. Numerous cases were filed in federal district courts across the country and, in addition, at least 21 petitions for review were filed in the federal courts of appeal. Pursuant to 28 U.S.C. § 2112(a)(3), the Judicial Panel on Multidistrict Litigation (JPML) transferred all pending petitions for review to the United States Court of Appeals for the Sixth Circuit and the petitions were

consolidated before a single panel. The Sixth Circuit stayed enforcement of the Clean Water Rule nationwide pending a determination of whether it could exercise jurisdiction over the case. In re EPA, 308 F.3d 804 (6th Cir. 2015). On February 22, 2016, the Sixth Circuit ruled that it had jurisdiction over the consolidated petitions for review and it has retained jurisdiction over the consolidated petitions for review. The petitions of review filed by plaintiffs were transferred to the Sixth Circuit by the JPML and those petitions for review will be heard by the Sixth Circuit.

Federal courts are courts of limited jurisdiction, and there is a presumption against the exercise of federal jurisdiction. Merida Delgado v. Gonzales, 428 F.3d 916, 919 (10th Cir. 2005); Penteco Corp. Ltd. Partnership--1985A v. Union Gas System, Inc., 929 F.2d 1519, 1521 (10th Cir. 1991). The party invoking federal jurisdiction has the burden to allege jurisdictional facts demonstrating the presence of federal subject matter jurisdiction. McNutt v. General Motors Acceptance Corp. of Indiana, Inc., 298 U.S. 178, 182 (1936) ("It is incumbent upon the plaintiff properly to allege the jurisdictional facts, according to the nature of the case."); Montoya v. Chao, 296 F.3d 952, 955 (10th Cir. 2002) ("The burden of establishing subject-matter jurisdiction is on the party asserting jurisdiction."). The Court has an obligation to consider whether subject matter jurisdiction exists, even if the parties have not raised the issue. The Tenth Circuit has stated that "[f]ederal courts 'have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party,' and thus a court may *sua sponte* raise the question of whether there is subject matter jurisdiction 'at any stage in the litigation.'" 1mage Software, Inc. v. Reynolds & Reynolds Co., 459 F.3d 1044, 1048 (10th Cir. 2006).

In light of the Sixth Circuit's ruling, the Court finds that it lacks jurisdiction over these cases and plaintiffs' claims should be dismissed.[1] Under 33 U.S.C. § 1369(b)(1), review of an EPA action "(E) in approving or promulgating any effluent limitation or other limitation under section 1311, 1312, 1316 or 1345 of the title [or] (F) in issuing or denying any permit under section 1342 of this title . . . may be had by an interested person in the Circuit Court of Appeals of the United States for the federal judicial district in which such person resides . . . ." The Tenth Circuit has determined that appellate jurisdiction under 33 U.S.C. § 1369(b)(1) is exclusive, and a finding of appellate jurisdiction divests this Court of jurisdiction to hear a challenge to a final agency action. Maier v. EPA, 114 F.3d 1032, 1036-37 (10th Cir. 1997). At least two federal district courts have already dismissed challenges to the Clean Water Rule due to the exclusive jurisdiction of the Sixth Circuit to hear the consolidated petitions for review. North Dakota v. EPA, 2015 WL5060744 (D.N.D. Aug. 27, 2015); Murray Energy Corporation v. EPA, 2015 WL 5062506 (Aug. 26, 2015). The Court has reviewed the complaints in both pending cases and all of the claims challenge the validity of the Clean Water Rule. These claims are within the scope of the petitions for review that are pending before the Sixth Circuit, and this Court is without jurisdiction to hear the plaintiffs' claims.

**IT IS THEREFORE ORDERED** that Case No. 15-CV-381-CVE-FHM and Case No. 15-CV-386-CVE-PJC are **dismissed without prejudice** due to lack of subject matter jurisdiction. A separate judgment of dismissal in each case is entered herewith.

**DATED** this 24th day of February, 2016.

_Claire V. Eagan_
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE

---

[1] Defendants have filed notices in both pending cases that they intend to file motions to dismiss based on the Sixth Circuit's ruling. 15-CV-381-CVE-FHM, Dkt. # 35; 15-CV-386-CVE-PJC, Dkt. # 48. However, the Sixth Circuit's decision speaks for itself that jurisdiction is appropriate only in the appellate courts, and the Court finds that it is unnecessary to wait for any party for file a motion to dismiss for lack of jurisdiction.