# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| STATE OF OKLAHOMA ex rel. Mike Hunter, in his official capacity as Attorney General of Oklahoma, | ) ) ) ) | |
| Plaintiff, | ) ) | Case No. 15-CV-0381-CVE-FHM <br> <u>**BASE FILE**</u> |
| and | ) ) ) | Consolidated with: <br> Case No. 15-CV-0386-CVE-FHM |
| CHAMBER OF COMMERCE OF THE UNITED STATES OF AMERICA, NATIONAL FEDERATION OF INDEPENDENT BUSINESS, TULSA REGIONAL CHAMBER, PORTLAND CEMENT ASSOCIATION, and STATE CHAMBER OF OKLAHOMA | ) ) ) ) ) ) ) ) | |
| Consolidated Plaintiffs, | ) ) | |
| v. | ) ) | |
| UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, UNITED STATES ARMY CORPS OF ENGINEERS, ANDREW WHEELER, in his official capacity as Acting Administrator of the United States Environmental Protection Agency, and RICKEY JAMES, in his official capacity as Assistant Secretary of the Army for Civil Works, | ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants/Consolidated Defendants. | ) ) | |

## OPINION AND ORDER

Now before the Court are the following motions: Plaintiff's Motion for a Preliminary Injunction (Case No. 15-CV-381-CVE-FHM, Dkt. # 17); Plaintiffs' Motion for Preliminary Injunction (Case No. 15-CV-386-CVE-FHM, Dkt. # 27); Defendants' Motion and Memorandum in

Support Thereof to Stay Proceedings Pending a Ruling from the United States Court of Appeals for the Sixth Circuit on Subject-Matter Jurisdiction (Case No. 15-CV-381-CVE-FHM, Dkt. # 25); Defendants' Motion and Memorandum in Support Thereof to Stay Proceedings Pending a Ruling from the United States Court of Appeals for the Sixth Circuit on Subject-Matter Jurisdiction (Case No. 15-CV-386-CVE-FHM, Dkt. # 39)[1]; the Motion to Intervene as Defendants (Case No. 15-CV-381-CVE-FHM, Dkt. # 64); the Motion to Intervene as Defendants (Case No. 15-CV-386-CVE-FHM, Dkt. # 74); Waterkeeper Alliance Et Al's Motion and Memorandum in Support of Leave to File Brief in Opposition to Plaintiff's Request for Preliminary Injunction (Case No. 15-CV-381-CVE-FHM, Dkt. ## 74, 75); Waterkeeper Alliance Et Al's Motion and Memorandum in Support of Leave to File Brief in Opposition to Plaintiff's Request for Preliminary Injunction (Case No. 15-CV-386-CVE-FHM, Dkt. ## 87, 88); the Renewed Motion and Memorandum to Allow Filing of Brief or Proposed Brief in Opposition to Motions for Injunctive Relief and Memorandum (Case No. 15-CV-381-CVE-FHM, Dkt. # 98).

**I.**

On July 8, 2015, the State of Oklahoma filed a case challenging the validity of a new rule adopted by the United States Environmental Protection Agency (EPA) and the United States Army Corps of Engineers (Cops of Engineers). <u>State of Oklahoma ex rel. E. Scott Pruitt v. United States Environmental Protection Agency et al.</u>, 15-CV-381-CVE-FHM (N.D. Okla.). The rule is known as the "Clean Water Rule" and it would expand federal jurisdiction under the Clean Water Act

---

[1] It appears that the motions to stay were inadvertently reinstated after the case was re-opened, but the motions to stay were terminated by a previous order. The Court mentions the motions to stay only to clarify that motions are moot and should no longer show as pending motions on the docket sheet.

(CWA) to bodies of water that were previously not regulated by the federal government.[2] Clean Water Rule: Definition of "Waters of the United States," 80 Fed. Reg. 37054 (June 29, 2015). A separate case challenging the 2015 Rule was filed by the Chamber of Commerce of the United States of America and other plaintiffs. Chamber of Commerce of the United States of America et al. v. United States Environmental Protection Agency et al, 15-CV-386-CVE-FHM (N.D. Okla.). The plaintiffs in both cases asked the Court to declare the 2015 Rule invalid and to permanently enjoin the defendants from enforcing the 2015 Rule. The plaintiffs also filed motions for preliminary injunction seeking to prevent the defendants from enforcing the 2015 Rule while the cases are pending. Case No. 15-CV-381-CVE-FHM, Dkt. # 17; Case No. 15-CV-386-CVE-FHM, Dkt. # 27. The plaintiffs in Case No. 15-CV-386-CVE-FHM also filed motions to consolidate both pending cases challenging the 2015 Rule.

Under the CWA, 33 U.S.C. § 1251 et seq., certain types of cases are subject to direct review in the courts of appeals and cannot be brought in federal district court. Numerous cases were filed in federal district courts across the country and, in addition, at least 21 petitions for review were filed in the federal courts of appeal. Pursuant to 28 U.S.C. § 2112(a)(3), the Judicial Panel on Multidistrict Litigation (JPML) transferred all pending petitions for review to the United States Court of Appeals for the Sixth Circuit and the petitions were consolidated before a single panel. The Sixth Circuit stayed enforcement of the 2015 Rule nationwide pending a determination of whether it could exercise jurisdiction over the case. In re EPA, 308 F.3d 804 (6th Cir. 2015). On February 22, 2016,

---

[2] The Court will refer to the rule that plaintiffs are seeking to invalidate as the "2015 Rule" to maintain consistency with prior orders and to distinguish the rule from other ongoing rulemaking processes.

the Sixth Circuit ruled that it had jurisdiction over the consolidated petitions for review and it retained jurisdiction over the consolidated petitions for review.

In light of the Sixth Circuit's decision, this Court dismissed plaintiffs' claims for lack of subject matter jurisdiction. The plaintiffs appealed the Court's ruling to the Tenth Circuit Court of Appeals, but the appeal was held in abatement pending a ruling by the Supreme Court in a case that would decide whether the Sixth Circuit had jurisdiction over the consolidated appeals. In National Association of Manufacturers v. Department of Defense, 136 S. Ct. 617 (2018), the Supreme Court determined that challenges to the 2015 Rule should be filed in federal district courts, and the Sixth Circuit lacked jurisdiction over the consolidated appeals. The Tenth Circuit reversed this Court's dismissal for lack of jurisdiction and remanded the cases for further proceedings. Chamber of Commerce of United States v. United States Environmental Protection Agency, 709 F. App'x 526 (10th Cir. Jan 29, 2018). The Court reopened the cases and reinstated plaintiffs' motions for preliminary injunction.

Waterkeeper Alliance and Grand Riverkeeper and Tar Creekkeeper (Waterkeeper Alliance), projects of the Local Environmental Action Demand Agency, Inc. (L.E.A.D. Agency), filed motions seeking leave to intervene as defendants. The Waterkeeper Alliance states that it is a long-standing advocate of clean water issues in Oklahoma and nationally, and it participated in the rulemaking process that led to the adoption of the 2015 Rule. Case No. 15-CV-381-CVE-FHM, Dkt. # 64, at 4. The proposed intervenors claim that they "regularly live, work, and recreate in and around water bodies that may lose [CWA] protections" if the plaintiffs prevail, and they argue that they will be unable to protect this interest unless they are permitted to intervene. Id. at 5. Waterkeeper Alliance and L.E.A.D. Agency also request leave to file a briefs in opposition to the plaintiffs' motions for

4

preliminary injunction. The plaintiffs oppose WaterKeeper Alliance and L.E.A.D. Agency's request to file a brief in opposition to plaintiffs' motions for preliminary injunction, because this would delay a ruling on their motions for preliminary injunction.

Defendants filed a status report (Case No. 15-CV-381-CVE-FHM; Dkt. # 91) advising the Court as to the status of the 2015 Rule and subsequent rulemaking proceedings that have taken place since the rule was enacted. On February 28, 2017, the President of the United States signed an executive order directing the relevant federal agencies to rescind or revise the 2015 Rule. Dkt. # 91, at 1. A proposed rule that would rescind the 2015 Rule has been published and the comment period has closed, and the proposed rule remains under consideration. Id. at 2. In February 2018, federal agencies finalized a rule that would have placed an applicability date of February 6, 2020 on the 2015 rule, and this would have temporarily restored the "Waters of the United States" rule in effect before 2015. Id. The applicability rule has been challenged in several federal district courts, and two district courts have entered nationwide injunctions enjoining enforcement of the applicability rule. Id. at 2-3. The 2015 Rule is currently in effect in 22 states, including Oklahoma. Id. at 3. Federal agencies have now proposed a second rule that would revise the 2015 Rule to define "Waters of the United States" consistently with the pre-2015 regulations, and the comment period for the proposed rule has closed. Id. Between August 16 and December 19, 2018, the Corps of Engineers had taken 112 final permit actions to authorize the discharge of dredged or fill material at sites in Oklahoma, and 50 permit actions were still pending as of the date the status report was filed. Id. at 5. The Corps of Engineers issued 23 approved jurisdictional determinations during that time finding that certain waters qualified as "Waters of the United States," but defendants could not state whether the waters at issue would or would not have qualified under a prior definition of "Waters of the United

States." Id. at 5. Defendants state that it they are not aware of any current administrative or civil action taken pursuant to the 2015 Rule. Id.

On December 21, 2018, the Court held a status conference in both pending cases, and granted the motions to consolidate. Case No. 15-CV-381-CVE-FHM; Dkt. # 92. The Court set a schedule for supplemental briefing on plaintiffs' motions for preliminary injunction, and the parties were advised that the motions to intervene would remain under advisement. Id. In their supplemental brief, plaintiffs argue that the State of Oklahoma (the State) has been denied its sovereign authority to regulate waters within its boundaries because of the 2015 Rule. Case No. 15-CV-381-CVE-FHM, Dkt. # 96, at 7. The State also argues that it will incur compliance and administrative costs that cannot be recovered as monetary damages. Id. at 8. Plaintiffs attached the declaration of Shellie McClary, the Water Quality Division Director for the Oklahoma Department of Environmental Quality (ODEQ), to their motion for preliminary injunction (Case No. 15-CV-381-CVE-FHM, Dkt. # 17-1), and they have included a supplemental declaration (Case No. 15-CV-381-CVE-FHM, Dkt. # 96-2) of the current water quality director for ODEQ, Shellie Chard, with their supplemental brief. Teena Gunter, general counsel for the Oklahoma Department of Agriculture, Food, and Forestry, is responsible for implementing various laws governing the agriculture industry, and this includes laws concerning the discharge of pollutants. Case No. 15-CV-381-CVE-FHM, Dkt. # 96-1. She states that an expanded definition of "Waters of the United States" could subject more concentrated animal feeding operations (CAFO) to federal regulation, and this could lead to civil and criminal penalties for any CAFO that discharges pollutants into waters falling within the scope of the 2015 Rule. Id.

at 2. Plaintiffs have re-submitted the declarations of Michael Jacobs and Leo Stevens that were attached to the original motion for preliminary injunction filed in case no. 15-CV-386-CVE-FHM.[3]

Defendants have filed a supplemental response and they decline to take a position on the merits of plaintiffs' claims. Case No. 15-CV-381-CVE-FHM, Dkt. # 103. Defendants state that there is an ongoing rulemaking process and many of the comments submitted as part of the rulemaking "mirror the arguments made in this case." Id. at 9. However, defendants have made arguments as to other issues concerning plaintiffs' motions for a preliminary injunction.[4]

**II.**

Plaintiffs seek a preliminary injunction enjoining the defendants from enforcing the 2015 Rule until a final judgment is entered in this case, and they raise a series of constitutional and statutory arguments in support of their motion. A preliminary injunction is an "extraordinary equitable remedy designed to 'preserve the relative positions of the parties until a trial on the merits

---

[3] The Court notes that there are slight differences between the original and supplemental declarations submitted by Jacobs and Stevens, but the substance of the declarations is essentially the same. Both Jacobs and Stevens state that they have refrained from developing or improving their property out of a fear that they would be subject to federal regulation under the 2015 Rule. Case No. 15-CV-381-CVE-FHM, Dkt. # 96-3, Dkt. # 96-4. However, they do not suggest that any adverse consequences based on their existing use of their property have actually occurred.

[4] Plaintiffs take the position in their reply that defendants do not oppose the pending motions for preliminary injunction, and they claim that defendants do not dispute that plaintiffs have established a likelihood of success on the merits. Case No. 15-CV-381-CVE-FHM, Dkt. # 106. Plaintiffs' reply misrepresents defendants' arguments. Defendants "believe it prudent to take no current position on any substantive issue associated with the 2015 Rule" due to the ongoing rulemaking processes, because it is important for the public to believe that their comments will be taken seriously and that defendants are proceeding with an open mind. Case No. 15-CV-381-CVE-FHM, Dkt. # 103, at 9. This is not a concession that plaintiffs are likely to succeed with their claims, and defendants' response does not represent an "agreement" that plaintiffs are entitled to injunctive relief. See Case No. 15-CV-381-CVE-FHM, Dkt. # 106, at 2.

can be held.'" Westar Energy, Inc. v. Lake, 552 F.3d 1215, 1225 (10th Cir. 2009) (quoting Univ. Of Tex. v. Camenisch, 451 U.S. 390, 395 (1981)). To be entitled to a preliminary injunction, the moving party must establish the following:

> (1) a substantial likelihood of success on the merits of the case; (2) irreparable injury to the movant if the preliminary injunction is denied; (3) the threatened injury to the movant outweighs the injury to the other party under the preliminary injunction; and (4) the injunction is not adverse to the public interest.

Kikumura v. Hurley, 242 F.3d 950, 955 (10th Cir. 2001). "Because a preliminary injunction is an extraordinary remedy, the right to relief must be clear and unequivocal." Utah Licensed Beverage Ass'n v. Leavitt, 256 F.3d 1061, 1066 (10th Cir. 2001) (quoting SCFC ILC, Inc. v. Visa USA, Inc., 936 F.2d 1096, 1098 (10th Cir. 1991)); see also Mazurek v. Armstrong, 520 U.S. 968, 972 (1997) ("It is frequently is observed that a preliminary injunction is an extraordinary remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion.").

Plaintiffs' motions for preliminary injunction focus heavily on whether they are likely to succeed on the merits of their claims. However, the Tenth Circuit has stated that "probable irreparable harm is the single most important prerequisite for the issuance of a preliminary injunction," and the "moving party must demonstrate that such injury is likely before the other requirements will be considered." DTC Energy Group, Inc. v. Hirschfeld, 912 F.3d 1263, 1270 (10th Cir. 2018). "Proving irreparable harm . . . is not 'an easy burden to fulfill,'" and the moving party must show "a significant risk that he or she will experience harm that cannot be compensated after the fact by money damages." Husky Ventures, Inc. v. B55 Investments, Ltd., 911 F.3d 1000, 1011 (10th Cir. 2018). "Purely speculative harm will not suffice," and the plaintiff must show that the threatened harm is likely to occur before the district court rules on the merits of the case." RoDa

8

Drilling Co. v. Siegal, 552 F.3d 1203, 1210 (10th Cir. 2009). The Tenth Circuit has summarized its precedent as to irreparable harm to require that the moving party's injury "must be both certain and great, and that it must not be merely serious and substantial." Dominion Video Satellite, Inc. v. Echostar Satellite Corp., 356 F.3d 1256, 1262 (10th Cir. 2004).

The Court will begin its analysis concerning plaintiffs' motion for preliminary injunction by considering whether any of the plaintiffs has established a significant risk of irreparable harm if the Court declines to enter a preliminary injunction, and the Court will closely examine the evidence submitted by plaintiffs in an attempt to show that they will suffer irreparable harm if the 2015 Rule is not enjoined. The State has submitted the declaration of McClary, the former director of the Water Quality Division of ODEQ, and she states that ODEQ is the lead agency that administers the CWA for the State. 15-CV-381-CVE-FHM, Dkt. # 18-1, at 1. The declaration was attached to the State's motion for preliminary injunction and was signed by McClary on July 23, 2015. McClary anticipated that the State would likely be processing more permit applications under the CWA based on the 2015 Rule's expanded definition of "Waters of the United States." Id. at 2. She believed that the 2015 Rule could lead to increased administrative and compliance costs for the State due to an increased workload. Id. at 2-3. The State also submitted the declaration of J. Michael Patterson, the Director of the Oklahoma Department of Transportation, and Patterson claims that the State was likely to incur costs to determine if any roads or ditches fell within federal regulation under the 2015 Rule. 15-CV-381-CVE-FHM, Dkt. # 18-2. The Court does not find that the declarations of McClary or Patterson are particularly helpful to the irreparable harm analysis, because the declarations are speculative and the State can submit evidence based on the actual effects of the 2015 Rule in the State of Oklahoma.

In Case No. 15-CV-386-CVE-FHM, the plaintiffs submitted the declarations of Jacobs and Stevens in support of their motion for preliminary injunction. Jacobs states he owns a 20 acre plot of land in Delaware County, Oklahoma, and this plot is adjacent to a 50 acre plot that he also owns. 15-CV-386-CVE-FHM, Dkt. # 27, at 33. The 50 acre plot of land is undeveloped, but Jacobs states that he has planned to use the land for cattle grazing. Id. Jacobs had planned to clear timber from the 50 acre plot in furtherance of possible cattle ranching, but he was concerned that the land could be subject to federal regulation under the 2015 Rule. Id. He claims it is not economically feasible for him to develop the 50 acre plot of land if he is required to obtain permits under the CWA, and he believes that property will become less marketable if he decides to sell the land. Id. at 35. Stevens owns land in Rogers County, Oklahoma and a small creek runs through his property. Id. at 40. Stevens believes that the creek could qualify as "Waters of the United States" under the 2015 Rule, and he claims that the 2015 Rule devalues his property. Id. Stevens states that he "would one day like to build a home on it for one of my children or grandchildren," and he "might use it for farming or for recreation." Id.

The State's supplemental briefing includes some evidence addressing the actual impact of the 2015 Rule. Gunter states that the State department of agriculture has issued permits allowing 252 entities to operate as CAFOs, and a CAFO is required to obtain a federal permit if it could potentially discharge a pollutant into a body of water that qualifies as "Waters of the United States." 15-CV-381-CVE-FHM, Dkt. # 96-1, at 2. Gunter claims that the permitting process is expensive and only 39 CAFOs have pollution discharge permits, and she states that additional CAFOs may preemptively seek such permits to avoid heavy fines. Id. However, this is merely hypothetical and she does not provide any specific evidence that a CAFO has actually sought such a preemptive

10

permit. Id. Chard, the current director of the Water Quality Division for ODEQ, states that expanded federal jurisdiction under the 2015 Rule will require her staff to spend additional time and resources processing permit applications under the CWA. Case No. 15-CV-381-CVE-FHM, Dkt. # 96-2, at 1. The 2015 Rule has been in effect in Oklahoma since August 18, 2018, and Chard states that ODEQ has processed several permit applications that may not have been necessary prior to enactment of the 2015 Rule. Id. at 2. Chard provides three examples of permit applications that were submitted based on the presence of ephemeral streams that may qualify as "Waters of the United States" under the 2015 Rule. Id.

The Court has reviewed the evidence submitted by plaintiffs and finds that the potential harm from leaving in place the 2015 Rule is not so "certain and great" that it rises to the level of irreparable harm. The State claims that the 2015 Rule infringes on its sovereignty to regulate its lands and waters and assumes that the 2015 Rule will lead to an expansion of federal regulation in Oklahoma. However, the 2015 Rule has been in effect for varying periods of time since this case was filed, and the State can identify no evidence of an aggressive expansion of federal regulation of Oklahoma waters. Instead, the State has identified a handful of cases in which private landowners have preemptively sought to comply with the 2015 Rule. The affidavits of Jacobs and Stevens suggest that they have harbored vague plans to improve land that may now be subject to regulation under the CWA and they claim that the 2015 Rule makes their property less marketable. This is not the type of harm that is so imminent and serious that it would warrant the extraordinary remedy of a preliminary injunction. This case has been pending for nearly four years, and the Court would have anticipated a showing of substantial, actual harm in support of a motion for preliminary injunction. Plaintiffs have not shown that they will suffer irreparable harm if the 2015 Rule is permitted to

remain in effect while this case is pending, and this is an essential element that must be established for the Court to enter a preliminary injunction. Plaintiffs' motions for preliminary injunction (Case No. 15-CV-381-CVE-FHM, Dkt. # 17; Case No. 15-CV-386-CVE-FHM, Dkt. # 27) are denied, and the proposed intervenors' motions to file briefs in opposition to the motions for preliminary injunction are moot.

### III.

Waterkeeper Alliance and L.E.A.D. Agency seek leave to intervene as defendants in order to defend the legal interests of their members in protecting "water bodies that may lose [CWA] protections making them vulnerable to pollution, impairment, or destruction should [p]laintiffs prevail in this action." Case No. 15-CV-381-CVE-FHM, Dkt. # 64, at 5. Waterkeeper Alliance and L.E.A.D. Agency state that plaintiffs and defendants take no position on their motions for intervention. Id. None of the parties has filed a response to the motions for intervention, and the deadline to respond has expired.

Under Fed. R. Civ. P. 24(a), "[o]n timely motion, the court must permit anyone to intervene who . . . claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." To intervene as of right, a party seeking to intervene must show that "(1) the application is 'timely'; (2) 'the applicant claims an interest relating to the property or transaction which is the subject of the action'; (3) the applicant's interest 'may as a practical matter' be 'impaired or impeded'; and (4) 'the applicant's interest is [not] adequately represented by the existing parties.'" United States v. Albert Inv. Co., Inc., 585 F.3d 1386, 1391 (10th Cir. 2009). The Tenth Circuit "follows 'a somewhat

liberal line in allowing intervention.'" Utah Ass'n of Counties v. Clinton, 255 F.3d 1246, 1249 (10th Cir. 2001) (quoting Nat'l Farm Lines v. Interstate Commerce Comm'n, 564 F.2d 381, 384 (10th Cir. 1977)). Rule 24(a) does not impose "rigid, technical requirements," but it has instead been construed as "capturing the practical circumstances that justify intervention." Public Service Company of New Mexico v. Barboan, 857 F.3d 1101, 1113 (10th Cir. 2017).

The Court has considered the factors for interventions under Rule 24(a) and finds that Waterkeeper Alliance and L.E.A.D. Agency should be permitted to intervene. Although the motions to intervene were filed in September 2018, the case was administratively closed at the time and the Court had not yet determined how the case would proceed pending an ongoing rulemaking process. See Case No. 15-CV-381-CVE-FHM, Dkt. # 56. The Court also notes that there was substantial litigation concerning whether this Court had jurisdiction over the case, and there would have been no reason to seek leave to intervene until the jurisdictional issues were resolved. The Court finds that the motions to intervene were timely filed. The next factor is whether the intervenors have an interest relating to the subject matter of this litigation and, based on Tenth Circuit precedent, the Court finds that they have such an interest. This case is comparable to Utah Ass'n of Counties in which the Tenth Circuit found that organizations seeking to protect and conserve wildlife had an adequate interest in litigation that would threaten the organizations' goals. Utah Ass'n of Counties, 255 F.3d at 1252-53. A ruling in favor of plaintiffs would clearly harm the goals of Waterkeeper Alliance and L.E.A.D. Agency to preserve and protect water resources in Oklahoma from harmful pollution and development. See Western Energy Alliance v. Zinke, 877 F.3d 1157, 1165 (10th Cir. 2017) ("[w]ith respect to Rule 24(a)(2), we have declared it indisputable that a prospective intervenor's environmental concern is a legally protectable interest"). This finding also disposes of

13

the third factor under Rule 24(a), because a ruling in favor of plaintiffs' would "impair or impede" the intervenors' interest. Finally, the Court must consider whether the intervenors' interest is adequately protected by the existing parties. This factor clearly weighs in favor of allowing intervention. As evidenced by the briefing on plaintiffs' motions for preliminary injunction, defendants cannot publicly take a position on the merits of plaintiffs' claims due to the ongoing rulemaking processes, and plaintiffs have misinterpreted the defendants' actions as a concession that plaintiffs are entitled to relief. Allowing Waterkeeper Alliance and L.E.A.D. Agency to intervene will provide a party to step in and make the arguments in support of the 2015 Rule that cannot be asserted by the existing defendants, and it is strongly preferable to have a well-defined adversary process when ruling on complex issues of statutory interpretation and constitutional law. The Court finds that Waterkeeper Alliance and L.E.A.D. Agency's motions to intervene should be granted.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for a Preliminary Injunction (Case No. 15-CV-381-CVE-FHM, Dkt. # 17) and Plaintiffs' Motion for Preliminary Injunction (Case No. 15-CV-386-CVE-FHM, Dkt. # 27) are **denied**.

**IT IS FURTHER ORDERED** that the Motion to Intervene as Defendants (Case No. 15-CV-381-CVE-FHM, Dkt. # 64) and the Motion to Intervene as Defendants (Case No. 15-CV-386-CVE-FHM, Dkt. # 74) are **granted**, and Waterkeeper Alliance and L.E.A.D. Agency are permitted to intervene in these consolidated cases under Rule 24(a). The intervenors' complaint in intervention is due no later than **June 13, 2019**.

**IT IS FURTHER ORDERED** that Defendants' Motion and Memorandum in Support Thereof to Stay Proceedings Pending a Ruling from the United States Court of Appeals for the Sixth Circuit on Subject-Matter Jurisdiction (Case No. 15-CV-381-CVE-FHM, Dkt. # 25), Defendants'

Motion and Memorandum in Support Thereof to Stay Proceedings Pending a Ruling from the United States Court of Appeals for the Sixth Circuit on Subject-Matter Jurisdiction (Case No. 15-CV-386-CVE-FHM, Dkt. # 39), Waterkeeper Alliance Et Al's Motion and Memorandum in Support of Leave to File Brief in Opposition to Plaintiff's Request for Preliminary Injunction (Case No. 15-CV-381-CVE-FHM, Dkt. ## 74, 75), Waterkeeper Alliance Et Al's Motion and Memorandum in Support of Leave to File Brief in Opposition to Plaintiff's Request for Preliminary Injunction (Case No. 15-CV-386-CVE-FHM, Dkt. ## 87, 88), and the Renewed Motion and Memorandum to Allow Filing of Brief or Proposed Brief in Opposition to Motions for Injunctive Relief and Memorandum (Case No. 15-CV-381-CVE-FHM, Dkt. # 98) are **moot**.

**IT IS FURTHER ORDERED** that the parties shall submit a joint status report no later than **June 13, 2019**.

**DATED** this 29th day of May, 2019.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE